ILLINOIS CENT. R. CO. v. YOCONA DRAINAGE DIST. NO. 2.

[91 South. 392. No. 22581.]

DRAINS. *Limitation as to appeals from order making assessments applicable to appeal to supreme court as well as appeal to chancery court.*

An appeal to the supreme court from a decree of a chancery court making an assessment for special improvements to be made by a drainage district, under section 7, chapter 269, Laws of 1914 (Hemingway's Code, section 4445), must be taken within 20 days after the rendition of the decree.

APPEAL from chancery court of Panola county.

HON. J. G. McGOWAN, Chancellor.

Proceeding by the Yocona Drainage District No. 2 for assessment of land of the Illinois Central Railroad Company. From decree making a special assessment against the railroad, the railroad appeals. On motion to dismiss appeal. Motion sustained, and appeal dismissed.

*May, Sanders & McLaurin,* for appellant.

We are not contesting the validity of the district. We have not prosecuted any appeal from any order establishing the district. Our appeal is from excessive·assessment. The record shows we protested the assessment within the time and in the manner provided by the statute, at the hearing of the board of supervisors, and prosecuted our appeal from the order of the board of supervisors within twenty days as required by the statute, to the chancery court, or chancellor in vacation, and now we are appealing from the final decree of the chancellor under the statute which contains no limitation of time within which our appeal should be perfected, and it has been perfected within the time fixed by law for appeals from the final decrees of the chancery court, or chancellor in vacation.

In construing a similar drainage district statute, in the case of *Avent* v. *Markett,* 109 Miss. 838, the court said:

"Not until a district has been formed can the commissioners proceed with the assessment of damages and benefits and the right of appeal is expressly conferred by sections 24 and 54 from the order of the county board assessing benefits or damage. It is the appeal with reference to the matter last mentioned that section 54 deals with. Appeals are regulated by statute, and unless there is an express limitation or prohibition in the act here in review, then it follows that appellants have the same right of appeal as from any other final decree of the chancery court. The statute does not prohibit the appeal in question, and does not itself fix any time in which this appeal must be prosecuted." The court is here considering chapter 197, Laws of 1912, which also provides a complete and independent method for the organization of drainage districts.

Counsel for appellee contends that section 4486, Hemingway's Code, being section 19, chapter 269, Laws of 1914, amendatory of chapter 195, of the Laws of 1912, limits the right of this appeal to twenty days, because the limitation

prescribed by the act for the other appeals is twenty days. This contention is obviously unsound, because the act giving the right to the district as well as the landowner to appeal from a final decree of the chancery court, or chancellor in vacation, contains no limitation. The only right the district has to appeal from an assessment of benefits is from the decree of the chancery court or chancellor, to the supreme court, conferred by the quoted and underscored language of section 4445, *supra;* and certainly, if the district is not limited in its right of appeal the landowner cannot be thus limited. Appeals from assessments made by the board of supervisors to the chancery court or chancellor are tried *de novo* in the chancerycourt—hence the reason for the usual time for perfecting an appeal from the decree of the chancery court. The case in chancery court is tried as other cases, and the reason for the failure of the legislature to engraft a time limit is obvious. We therefore maintain that the right of appeal has been conferred by the statute, and there being no time limit fixed by the statute for perfecting the appeal it is timely perfected if done within one year from the rendition of the decree, as we have done.

*Lomax B. Lamb,* for appellee.

Appeals to this court are not a matter of right but of grace. This proposition, we take it, will not be controverted. The manner of appeals and the terms thereof and the time within which they may be perfected under the law under which Yocona Drainage District No. 2 was established and is operating is fixed by the law itself and not by the general law granting appeals to this court.

Section 4486 of Hemingway's Code provides as follows: "4486. Manner of appeal.—19. Whenever an appeal is allowed to be prosecuted under this act, the same shall be taken within the time fixed by this act, and if the appeal be from an order of the board of supervisors same shall

be perfected in the same manner as an appeal from orders of board of supervisors approving tax assessment, and if the appeal be from an order of the chancery court, or chancellor in vacation such appeal shall be prosecuted in like manner as is provided by law for the prosecution of appeals from other decrees of said court, but must be within the time fixed by this act for appealing.    (Laws 1914, chapter 269, in effect February 26, 1914.)

Section 4445 of Hemingway's Code contains the provision as to the time within which appeals to this court may be taken from a decree of the chancellor approving and confirming the assessment roll of benefits and damages. This provision is found at the bottom of page 2139, of the second volume of Hemingway's Code, and is as follows: "and its finding, whether protest is filed or not, shall be final and have the force and effect of a judgment from which an appeal may be taken within twenty days to the chancery court or chancellor in vacation; or to the supreme court of the state from the decision of the chancery court, either by the property-owner or by the commissioners of the district."

As the bond filed herein by appellant in an effort to appeal to this court from the decree confirming the assessment was not filed until forty-one (41) days after the decree confirming and approving the assessment, no appeal was taken by appellant from the decree approving the assessment as required by the statute and the motion filed herein should be sustained.

The law requires that the appeal be taken within the time fixed by the act itself.   The act itself provides that the appeal must be taken within twenty days.   The appeal was not taken until forty-one days from the approval of the assessment and was therefore attempted to be taken too late.

We respectfully and confidently ask that the appeal herein be dismissed.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a decree of a chancery court making a special assessment against the appellant for drainage improvements contemplated by the appellee. The appeal bond was filed more than twenty days after the rendition of the decree appealed from, and the case now comes on to be heard on the motion of the appellant to dismiss the appeal, because the bond was not filed within twenty days from the rendition of the decree.

The right to the appeal is governed by sections 7 and 19, chapter 269, Laws of 1914, Hemingway's Code, sections 4445 and 4486. The first of these sections provides that an appeal may be taken from an order of the board of supervisors making such an assessment—"within twenty days to the chancery court or chancellor in vacation; or to the supreme court of the state if the decision be of the chancery court," etc.

The appellant's contention is that this twenty-day limitation applies only to appeals from a board of supervisors to the chancery court, and that consequently the limitation on an appeal to the supreme court is that provided by the general statute limiting appeals to the supreme court.

We are of the opinion that the limitation here provided for is on an appeal both to the chancery and the supreme court, which conclusion is reinforced by the other section of the statute hereinbefore referred to, which provides that:

"Whenever an appeal is allowed to be prosecuted under this act, the same shall be taken within the time fixed by this act, . . . and if the appeal be from an order of the chancery court, or chancellor in vacation, such appeal shall be prosecuted in like manner as is provided by law for the prosecution of appeals from other decrees of said court, but must be within the time fixed by this act for appealing."

*Motion sustained, and appeal dismissed.*